UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STAR DIRECT TELECOM, INC.,
a California corporation, et al.,

                 Plaintiffs,

        v.

GLOBAL CROSSING BANDWIDTH, INC.,
a California corporation,

                 Defendant.

<u>DECISION & ORDER</u>

05-CV-6734T

---

        By Order of Hon. Michael A. Telesca, United States District Judge, dated February 22, 2007, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 19). Plaintiffs, Star Direct Telecom, Inc. and United States Telesis, Inc., have sued defendant Global Crossing Bandwidth, Inc. ("Global Crossing") under the Communications Act, 47 U.S.C. §§ 201, 202, and for breach of contract arising from Global Crossing's alleged breach of various agreements to provide plaintiffs with telecommunication services. (Docket # 1). Global Crossing has filed counterclaims against plaintiffs for breach of the same agreements. (Docket # 17).

        On May 19, 2009, Global Crossing filed a motion for discovery sanctions. (Docket # 101). The motion sought an order precluding plaintiffs from introducing evidence concerning one of their theories of damages as a sanction for plaintiffs' failure to comply with this Court's earlier order dated February 6, 2009 compelling them to produce documents evidencing those damages. (Docket # 101). Following oral argument, this Court issued an oral

decision from the bench denying Global Crossing's application for preclusion, but requiring plaintiffs to reimburse Global Crossing's attorneys' fees and costs in prosecuting the motion. (Docket # 116).[1]  Currently pending before this Court is plaintiffs' motion for reconsideration of that decision.  (Docket # 117).

Before the motion for reconsideration was fully submitted, one of the plaintiffs, Star Direct Telecom, Inc., filed a Chapter 7 petition for bankruptcy.  (Docket # 137).  As a result of the filing, this motion was stayed pursuant to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362.  On February 1, 2010, the automatic stay was lifted, permitting this Court to decide the pending motion.  (Docket # 178).

## DISCUSSION

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied.  *Id*. ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Plaintiffs argue that the Court's award of attorney's fees must be vacated for three reasons.  First, they argue that the award cannot stand absent a finding by the Court that

---

[1] The Court's decision to deny preclusion, but grant attorneys' fees and costs was subsequently reflected in a written order dated July 13, 2009.  (Docket # 115).

plaintiffs' conduct was "vexatious, wanton, or in conscious disregard for its discovery obligations." (Docket # 117-2 at 14). Second, they contend that the award was improper because they had produced all of the requested documents by the deadline set in this Court's February 6, 2009 Order. (*Id.* at 8-13). Finally, they urge that the award should be vacated as a matter of fairness because Global Crossing's conduct during discovery, which plaintiffs characterize as "notorious, ongoing and extremely costly" (Docket # 124 at 2), did not result in a similar sanction. (Docket # 117-2 at 2).

Plaintiffs have cited no controlling authority or facts that this Court overlooked in its earlier decision. At the July 9, 2009 oral argument, this Court made the following relevant factual findings in support of its sanctions award:

1. In response to an earlier motion to compel filed by Global Crossing, this Court issued an order on February 6, 2009, compelling plaintiffs to produce by no later than February 13, 2009, all documents responsive to Global Crossing's First Set of Interrogatories and Request for Production of Documents served on May 30, 2007.

2. Plaintiffs produced some, but not all, of the responsive documents on February 13, 2009.

3. On February 16, 2009, counsel for Global Crossing sent a letter to plaintiffs' counsel identifying perceived deficiencies in the February 16 production.

4. Counsel for plaintiffs did not respond directly to the February 16 letter.

5. On February 23, 2009, the parties agreed to an informal stay of discovery until April 23, 2009 in order to pursue mediation.

6. On April 24, 2009, following the parties' unsuccessful mediation efforts, counsel for Global Crossing wrote to

plaintiffs' counsel attaching its earlier February 16 letter and renewing its demand for the outstanding documents. The letter stated that if the documents were not produced by May 4, 2009, Global Crossing would file a motion for sanctions.

7. On May 4, 2009, counsel for plaintiffs advised Global Crossing's counsel that counsel was working to gather the requested documents, but did not provide any information concerning when the production would be made.

8. On May 6, 2009, Global Crossing's counsel again requested the documents and noted the upcoming deadline for completion of fact discovery.

9. At that time, the court-ordered deadline for completion of fact discovery was June 15, 2009.

10. Counsel for plaintiffs did not respond to the May 6, 2009 letter.

11. On May 19, 2009, Global Crossing filed the instant motion to preclude.

12. On May 27, 2009, plaintiffs produced over 3000 additional documents to counsel for Global Crossing.

(Tr. 19-24).[2]

Based upon these findings, this Court held:

Plaintiffs have not complied with their discovery obligations or the Court order issued on February 6th and . . . some sanction is appropriate. That said, the sanction that has been requested by defendant is clearly . . . a very severe and extreme sanction that seeks to preclude [plaintiffs'] ability to offer any evidence as to damages suffered as a result of the UK throttling back action of the defendant. And the Second Circuit has counseled that any discovery sanctions must be just, must relate to the particular claim that the discovery order was addressed to. And when you see

---

[2] The transcript of the oral argument conducted before this Court on July 9, 2009 shall hereinafter be referenced as "Tr. __." (Docket # 121).

4

> discovery sanctions imposed in the nature of preclusion, in my
> view, they are granted on a record that's far more compelling for
> preclusion than this [record] is. But, I do remain troubled by what
> I perceive to be a lack of appropriate attention to a court ordered
> discovery deadline, which resulted in the much too belated
> production of over 3000 responsive documents. . . . I am going to
> grant [defendant] costs and fees associated with this motion.

(Tr. 25-26). The Court further declined to make any finding concerning the completeness of plaintiffs' belated production. (Tr. 28).

I turn first to plaintiffs' argument that the sanctions award should be vacated on reconsideration because plaintiffs had timely produced all documents in response to the Court's February 6, 2009 Order. This argument misperceives the basis of the sanctions award. Attorneys' fees and costs were awarded as a sanction for plaintiffs' unexcused belated production of over 3000 documents in response to Global Crossing's document requests, notwithstanding an earlier order of this Court compelling them to do so.[3] The award was not based on any insufficiency in the ultimate production – an issue that the Court expressly declined to reach.

Second, I reject plaintiffs' contention that the attorneys' fees award lacks a sufficient factual basis. This Court clearly set forth its factual findings justifying the award in its oral decision, and its subsequent written order explicitly referenced that decision. (*See* Docket # 115). Contrary to plaintiffs' position, a finding of bad faith or vexatiousness is not a prerequisite to an award of attorneys' fees as a sanction for failure to obey a court order. Indeed, this Court made clear that its award was based upon plaintiffs' counsel "lack of appropriate

---

[3] In their motion for reconsideration, plaintiffs for the first time advance the argument that the Court's earlier order did not compel them to produce the nearly 3000 pages of documents that they belatedly produced, but that they produced them voluntarily in response to a letter request from counsel for Global Crossing. Plaintiffs' argument is flatly contradicted by the position taken by their counsel at oral argument. At that time, he conceded that the documents were responsive to Global Crossing's document demands (Tr. 9-10, 14, 17), which were the subject of Global Crossing's earlier motion to compel. (*See* Docket # 75).

5

attention to a court ordered discovery deadline." (Tr. 26). That conclusion, which was based upon the factual findings described above, amply supports the imposition of an attorneys' fees sanction. *See* Fed. R. Civ. P. 37(b)(2)(C) (requiring the court to order the "disobedient party . . . to pay the reasonable expenses, including attorney's fees" caused by the failure to obey a discovery order); *Di Nardo v. Briguglio*, 2007 WL 582809, *3 (S.D.N.Y. 2007) ("[s]anctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, notwithstanding a lack of wilfulness or bad faith, although such factors are relevant . . . to the sanction to be imposed for the failure") (quoting *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 134989, *4 (S.D.N.Y. 2003)) (internal quotation marks omitted).

As a final matter, I reject plaintiffs' challenge to the award of sanctions on the grounds that Global Crossing's conduct during discovery has been more egregious than plaintiffs' conduct, but has gone unsanctioned by this Court. Even if such an argument were a proper basis for reconsideration – which would seem to run counter to the common sense notion that "two wrongs don't make a right" – it is factually misplaced. Plaintiffs filed a motion for sanctions against Global Crossing on the grounds of spoliation. (Docket # 64). When the Court heard oral argument, it determined that the record on the issue had not been adequately developed and denied the motion without prejudice to renewal by plaintiffs following the close of discovery. (Docket # 95). As for attorneys' fees, both sides have been subject to separate court orders compelling the production of documents, and in each instance the Court declined to award attorneys' fees in connection with the underlying motion to compel. It was only when plaintiffs failed to comply with the order to compel that it determined that a sanction in the form of attorneys' fees and costs was appropriate.

In sum, this Court finds no basis to reconsider its award of attorneys' fees and costs to Global Crossing.

## **CONCLUSION**

For the reasons set forth above, plaintiffs' motion for reconsideration **(Docket # 117)** is **DENIED.** Counsel for the parties are hereby directed to confer with respect to the amount of attorneys' fees and costs incurred in connection with the motion to preclude and to notify this Court by no later than **March 12, 2010** if no agreement is reached as to that issue. **IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
        February  26 , 2010