```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STAR DIRECT TELECOM, INC. and,
UNITED STATES TELESIS, INC.,

                    Plaintiffs,              05-CV-6734T

          v.                                 **ORDER**

GLOBAL CROSSING BANDWIDTH, INC.,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiffs Star Direct Telecom, Inc., ("Star Direct") and United States Telesis, Inc., ("Telesis"), bring this action against defendant Global Crossing Bandwidth, Inc., ("Global Crossing") claiming that the defendant engaged in unjust, unreasonable, and discriminatory conduct pursuant to Sections 201 and 202 of the Communications Act (codified at 47 U.S.C. §§ 201, 202); breached several contracts, and committed various torts against the plaintiffs and plaintiffs' customers. Specifically, plaintiffs allege that Global Crossing, inter alia: breached contracts in which it agreed to carry plaintiffs' telecommunications traffic to the United Kingdom (the "UK traffic").

By Order dated February 22, 2007, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings. On September 18, 2009, defendant Global Crossing moved for default judgment against Telesis, or for other sanctions against the plaintiffs, as a result of Telesis' failure to provide discovery with respect to its alleged damages relating to its UK traffic, and failure to comply with two discovery Orders issued by this court. On July 23,

2010, Judge Payson issued a Report and Recommendation recommending that defendant's motion be granted in-part and denied in-part. Specifically, Judge Payson recommended that Telesis be precluded from presenting evidence contained in the documents that it failed to produce in a timely manner. Judge Payson declined, however, to recommend that defendant be granted a default judgment with respect to plaintiffs' damages claims. Judge Payson also recommended that defendant be reimbursed for expenses related to a deposition of a plaintiffs' witness which had been scheduled for September 9, 2009 but which did not take place due to the failure of the witness to appear.

On August 5, 2010, plaintiff Telesis timely filed objections to Judge Payson's Report and Recommendation, contending that the Magistrate erred in recommending that Telesis be precluded from offering the evidence contained in the documents which were not produced in a timely manner, and objecting to Judge Payson's recommendation that plaintiffs be ordered to reimburse Global Crossing for costs and expenses related to the deposition scheduled for September 10, 2009.

For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and grant in-part and deny in-part defendant's motion for sanctions.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). I apply this standard to the following analysis.

## DISCUSSION

I. Sanctions for failure to timely produce requested discovery material, and failure to comply with this Court's Orders to produce.

Global Crossing seeks sanctions against Telesis for its failure to produce evidence of damages that it allegedly suffered in 2005 when Global Crossing stopped carrying the plaintiffs' telecommunications traffic from the United States to the United Kingdom. Telesis had claimed that it suffered damages as a result of Global Crossing's refusal to carry its UK traffic because Telesis was forced to pay higher rates to Qwest (a competing provider of telecommunications services) to have Qwest carry the UK traffic. During the discovery phase of this case, Global Crossing, on several occasions, sought evidence from Telesis regarding its alleged damages resulting from Global Crossing's refusal to continue carrying the plaintiffs' UK traffic. Despite repeated attempts by Global Crossing to get this information, Telesis refused to provide any evidence of the costs it incurred in rerouting UK traffic from Global Crossing to Qwest.

Global Crossing then moved the Court for an Order directing Telesis to provide cost information relating to the rerouting of the UK traffic from Global Crossing to Qwest in 2005. Judge Payson granted Global Crossing's request, and Ordered that the information be produced by February 13, 2009. Although some evidence was produced at that time, the information regarding Qwest was not produced. On July 13, 2009, in addition to awarding a monetary sanction to the defendant for Telesis' failure to provide the requested information, Judge Payson again ordered Telesis to produce the requested information, and imposed a deadline of September 14, 2009 for producing the requested information. Although Telesis produced some 60,000 pages of documents in response to the defendant's discovery demand, none of the documents related to the plaintiffs' alleged expenses for having Qwest carry the UK traffic. It was only on November 19, 2009, years after the original request for the information had been made, and after Telesis retained new counsel, that Telesis produced invoices from Qwest related to the expenses incurred by Telesis in 2005 for the UK traffic.

In her Report and Recommendation, Judge Payson recommends that because Telesis' failed to provide information regarding the UK traffic carried by Qwest in a timely manner, and failed to comply with two Court Orders, Telesis should be precluded from offering evidence regarding damages it allegedly incurred in 2005 as a result of switching its UK traffic to Qwest. Telesis objects to this recommendation on several grounds, claiming that it should not be

4

punished for the failure of its previous attorneys to produce the requested documents; the defendant has not been prejudiced by the untimely production of the requested discovery; the sanction proposed by Judge Payson would be unduly harsh; and Telesis did not act in bad faith in failing to comply with the defendant's discovery requests and the Court's Orders.

I find Telesis' objections to be without merit. Telesis has provided no good explanation for failing to produce the requested information in a timely manner. Indeed, plaintiff's current counsel admits that obtaining the information from Qwest itself was not onerous, and took only a matter of weeks. While some of the blame for failing to comply with the Court's Orders directing production of the requested documents may rightfully fall upon Telesis' former counsel, Telesis ultimately bears responsibility for complying with the Court's Orders, and therefore, a sanction against Telesis is not inappropriate.

Nor is the sanction unduly harsh. Telesis contends that Qwest was the exclusive carrier of its UK traffic after Global Crossing discontinued carrying the traffic, and therefore, the amounts it paid to Qwest in 2005 for that service are the only measure of damages. Telesis contends that if it can not submit such evidence at trial, it would effectively be precluded from making any claim for damages based on Global Crossing's discontinuance of service, and such a harsh result is not commensurate with its belated compliance with the defendant's discovery requests and this Court's

5

Orders. Telesis' admission that the belatedly-produced documents are crucial to its damages claims, however, serves only to underscore why the documents should have been produced in a timely manner so that the defendants would have had a full and fair opportunity to investigate Telesis' claims.

In sum, I find that Judge Payson, in barring the evidence that was not produced in a timely manner, but not barring wholesale claims, struck an appropriate balance between the interests of the Court in assuring compliance with its Orders; the interests of Global Crossing in effectively defending against the plaintiffs' claims; and the interests of Telesis in being allowed to present its claims. I therefore grant defendant's motion for sanctions in-part, and preclude Telesis from introducing evidence of sums paid to Qwest in 2005 for telecommunications traffic carried by Qwest to the United Kingdom.

II. <u>Deposition Expenses</u>

On August 19, 2009, Global Crossing served notice on the plaintiffs of a Rule 30(b)(6) deposition of a plaintiffs' representative to be held on September 10, 2009. The purpose of the deposition was to obtain information about the UK traffic. Counsel for the plaintiffs did not respond to Global Crossing's notice, and did not respond to Global Crossing's communications regarding the scheduled deposition. According to the plaintiffs, Telesis' former counsel did not respond to Global Crossing's communications because Telesis had terminated counsel's representation of the company.

On September 8, 2009, Deborah Ward, the president of Star Direct, phoned counsel for Global Crossing, identified herself as the 30(b)(6) witness, and indicated that she would be unavailable for the scheduled deposition. Again, no counsel for Telesis or Star Direct contacted Global Crossing to discuss the scheduling or rescheduling of the deposition. According to counsel for Global Crossing, because travel arrangements had already been made, counsel was unable to cancel the trip, and on September 9, 2009, flew from Michigan to California, the site of the scheduled deposition. No attorney or party appeared on behalf of the plaintiffs at the deposition.

Global Crossing seeks reimbursement for the costs and expenses of the scheduled deposition. Plaintiffs oppose the defendant's request on grounds that Global Crossing knew that no party or attorney would appear for the deposition, and as a result, counsel for Global Crossing should not have traveled from Michigan to California for purposes of taking the deposition. Telesis further argues that on September 4, 2009, 6 days prior to the scheduled deposition, counsel for Telesis informed Global Crossing that it had been discharged from representation by Telesis, and because Telesis had no counsel at that time, no one, including either an attorney or a party, would appear at the September 10, 2010 deposition.

In her Report and Recommendation, Judge Payson recommended that plaintiffs be required to pay defendant's reasonable costs and expenditures for traveling to the scheduled deposition. I agree

7

with Judge Payson's recommendation, and adopt her Report and Recommendation on this point in its entirety. Although Telesis had discharged its attorneys less than one week prior to the scheduled date of the deposition, the Court had not yet approved counsel's request to be discharged from representation. Moreover, Judge Payson expressly warned the defendants that substitution or discharge of counsel would not relieve the plaintiffs of their discovery obligations.[1] Because discovery was scheduled to close within days of the scheduled deposition, and because Global Crossing still had not received documentary evidence of damages related to the rerouting of the UK traffic, Global Crossing was justified in scheduling the deposition for the purpose of obtaining that information.

## CONCLUSION

For the reasons set forth above, I affirm and adopt Judge Payson's Report and Recommendation in its entirety. I therefore grant in-part and deny in-part defendant's motion for sanctions, and Order that the plaintiffs be prohibited from introducing evidence of damages suffered as a result of the rerouting of their telecommunications traffic to the United Kingdom in 2005. I further Order that plaintiffs bear jointly and severally defendant's

---

[1] As Judge Payson noted in her Report and Recommendation, plaintiffs remained represented by local counsel even after its primary attorneys had been discharged.

expenses incurred in connection with the September 10, 2009 deposition.[2]

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
August 26, 2010

---

[2] The parties were directed by Judge Payson to confer regarding the expenses incurred by the defendants with respect to the September 10, 2009 deposition, and report back to the court if no agreement could be reached. Based on defendant's opposition to the plaintiffs' objections to the Magistrate's Report and Recommendation, it appears that the parties have not been able to reach agreement on the amount reimbursable to the defendants. I therefore direct the parties to submit the matter to Judge Payson for her determination.