```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STAR DIRECT TELECOM, INC. and,
UNITED STATES TELESIS, INC.,

                        Plaintiffs,                05-CV-6734T

           v.                                      ORDER

GLOBAL CROSSING BANDWIDTH, INC.,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiffs Star Direct Telecom, Inc., ("Star Direct") and United States Telesis, Inc., ("Telesis"), bring this action against defendant Global Crossing Bandwidth, Inc., ("Global Crossing") claiming that the defendant engaged in unjust, unreasonable, and discriminatory conduct in violation of Sections 201 and 202 of the Communications Act (codified at 47 U.S.C. §§ 201, 202), breached several contracts, and committed various torts against the plaintiffs and plaintiffs' customers.

By Decision and Order dated January 18, 2007, I dismissed 14 of the 21 counts of the original Complaint. Thereafter, the defendant Answered the Complaint and filed Counterclaims against the plaintiffs. By Decision and Order dated December 31, 2010, I granted in part and dismissed in part defendant's motion for summary judgment. Specifically, I granted defendant's motion with respect to Counts One, Three, and Four of the Complaint, and granted in-part and denied in-part defendant's motion for summary

judgment with respect to Count Five of the Complaint. With respect to Count five of the Complaint, I held that:

> Telesis may not present claims of breach of contract based on Global Crossings discontinuance of Telesis' United Kingdom traffic, and may not present claims of breach of contract based on the alleged failure of Global Crossing to honor an oral modification of the Telesis Agreement. Telesis may present breach of contract claims based on Global Crossings alleged overcharging for its services, failure to resolve disputes in a timely manner, and failure to apply the appropriate minimum monthly usage provisions to the Telesis Account. Global Crossing may raise as a defense to the claims of overcharges Telesis' alleged failure to timely file objections to the charges, with the exception of overcharges related to monthly minimum usage provisions.

December 31, 2010 Decision and Order at p. 11-12.

Global Crossing now moves for reconsideration of my decision and Order, claiming that because Telesis never made any claim that Global Crossing overcharged for services, the Court erred in holding that Telesis may present breach of contract claims based on alleged overcharging by Global Crossing. By letter faxed to the Court on January 31, 2011, Telesis states that it "is willing to stipulate that it will not assert at trial any claim based on allegations that U.S. Telesis was generally 'charged rates that were not agreed to in the Telesis agreement' as Part of Count Five, or that G[lobal] C[rossing] 'did not charge UST Star's lower rates after execution of the concurrence agreement' as part of Count

Six." Because Telesis has agreed to withdraw these claims, I deny defendant's motion for reconsideration as moot.

Global Crossing also seeks clarification of the court's characterization of one of Telesis' claims as set forth at page 4 of my December 31, 2010 Decision and Order. In that Decision and Order, I held that "Telesis claims that after the parties entered into the Concurrence Agreement, Global Crossing failed to implement the Agreement, and . . . continued to apply the higher Telesis rates rather than the lower Star Direct Rates . . . ." December 31, 2010 Decision and Order at p. 4. Global Crossing contends that Telesis never claimed that it was charged the higher Telesis Rates after the implementation of the Concurrence Agreement, and therefore the court erred in characterizing Telesis' claims in this manner. Telesis contends that this issue too, is mooted by the fact that it will stipulate that it will make no claim that Telesis was charged the higher Telesis Rate after the implementation of the Concurrence Agreement. <u>See</u> January 31, 2011 Letter to the court from Alex M. Weingarten, Esq. Because Telesis has agreed not to pursue any claim that it was charged the higher Telesis Rates after the implementation of the Concurrence Agreement, I deny defendant's motion for reconsideration as moot.

ALL OF THE ABOVE IS SO ORDERED.

           S/ Michael A. Telesca
           _____
           MICHAEL A. TELESCA
           United States District Judge

Dated: Rochester, New York
     September 19, 2011