```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STAR DIRECT TELECOM, INC. and,
UNITED STATES TELESIS, INC.,

                        Plaintiffs,            05-CV-6734T

        v.                                     ORDER

GLOBAL CROSSING BANDWIDTH, INC.,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff United States Telesis, Inc., ("Telesis"), bring this action against defendant Global Crossing Bandwidth, Inc., ("Global Crossing") claiming that the defendant engaged in unjust, unreasonable, and discriminatory conduct pursuant to Sections 201 and 202 of the Communications Act (codified at 47 U.S.C. §§ 201, 202), and committed breach of contract and various torts against Telesis and its customers.  Global Crossing brings counterclaims against Telesis claiming that Telesis, inter alia, failed to pay for services it received from Global Crossing.

By Order dated February 22, 2007, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings.  On July 8, 2011, defendant Global Crossing moved to preclude plaintiff Telesis from introducing evidence at trial (through Telesis' expert witness on damages) of alleged consequential damages, including lost profits, on grounds that such damages are prohibited under the contracts entered into by the parties.  Specifically, Global

Crossing alleges that the Carrier Services Agreement ("CSA") entered into by the parties contains specific, enforceable, limitations on damages which precludes Telesis from claiming or recovering consequential damages. Global Crossing contends that because Telesis' potential damages are limited to those damages specified in the CSA, the testimony of Telesis' proposed damages expert must be limited to only those damages allowable under the parties' agreement.

By Report and Recommendation dated March 22, 2012, Judge Payson recommended that Telesis be precluded from offering expert testimony on the issue of consequential damages. Specifically, Judge Payson determined that the limitation of liability clause set forth in the Carrier Services Agreement was valid and enforceable, and was not modified or abrogated by the parties' subsequent Concurrence Agreement. Judge Payson further determined that Telesis had failed to offer evidence that the limitation of liability clause was nullified by any gross negligence on the part of Global Crossing. Judge Payson recommended that because the limitation of liability clause is valid, Telesis should be limited to offering evidence of damages that are allowable under the contract, and should be precluded from offering evidence of consequential damages.

On April 9, 2012, Telesis timely filed objections to Judge Payson's Report and Recommendation, arguing that Judge Payson erred

in recommending that its expert be precluded from testifying as to plaintiff's consequential damages. Specifically, Telesis contends that Judge Payson failed to consider evidence of gross negligence submitted by Telesis throughout these proceedings which would support a finding that the limitation of liability clause was invalidated as a result of Global Crossing's conduct. Telesis further argues that the issue of whether or not Global Crossing engaged in grossly negligent conduct, and thereby nullified the limitation of liability clause, is a question of fact to be decided by the trier of fact. Telesis contends that if the trier of fact determines that Global Crossing acted with gross negligence, then the testimony of its expert as to consequential damages would be relevant, and therefore should be allowed at trial.

For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and grant defendant's motion to preclude.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A

>       judge of the court may accept, reject, or
>       modify, in whole or in part, the findings or
>       recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). I apply this standard to the following analysis.

## DISCUSSION

The factual background of the relationship and disputes between the parties to this case have been set forth in several previous decisions issued by this court. For purposes of this motion to preclude, the salient facts are set forth as follows.

On October 18, 2002, Telesis and Global Crossing entered into a Carrier Services Agreement, pursuant to which Global Crossing provided, for a fee, certain telecommunications services to Telesis. Telesis alleges that Global Crossing breached the agreement, and that as a result, it is entitled to damages.

The Carrier Services Agreement entered into by Telesis and Global Crossing contains a limitation of liability clause, which limits the type of damages that either party to the contract can recover in the event of a breach. Specifically, the CSA provides that:

>       In no event shall either Party be liable to
>       the other Party for incidental and
>       consequential damages, loss of goodwill,
>       anticipated profit, or other claims for
>       indirect damages in any manner related to this
>       Agreement or the Services.

See Carrier Services Agreement between U.S. Telesis and Global Crossing at § 7.3 (Attached as Exhibit 5 to the July 8, 2011

Affidavit of Eric Linden (Docket item no. 238). Although the parties later entered into a Concurrence Agreement, it is undisputed that Section 7.3 of the CSA was neither modified nor abrogated by the Concurrence Agreement.

Under New York State law, a limitation of liability clause is a binding and enforceable provision of a contract. Colnaghi, U.S.A. v. Jewelers Protection Servs., 81 N.Y.2d 821, 823-824, (1993). A contracting party, however, cannot "'insulate itself from damages caused by grossly negligent conduct.'" Abacus Federal Savings Bank v. ADT Sec. Services, Inc., 18 N.Y.3d 675, 683 (2012)(quoting Sommer v. Federal Signal Corp., 79 N.Y.2d 540, 554 (1992). Accordingly, "exculpatory clauses and liquidated damages clauses in contracts are not enforceable against allegations of gross negligence." Abacus, 18 N.Y.3d at 683. To sufficiently allege gross negligence in the context of a commercial contract, the allegation "must smack[ ] of intentional wrongdoing." Abacus, 18 N.Y.3d at 683 (quotations omitted).

Telesis contends that Global Crossing was grossly negligent in breaching the Carrier Services Agreement, and that as a result of Global Crossing's conduct, the limitation of liability clause is unenforceable. Telesis further argues that because the limitation of liability clause is unenforceable, Telesis may properly submit evidence at trial of consequential damages, including lost profits, that it has suffered as a result of the defendant's alleged breach. In support of its claim that Global Crossing was grossly negligent

in its dealings with Telesis, Telesis claimed in its opposition to Global Crossing's motion to preclude that Global Crossing: (1) entered into but failed to implement the terms of the Concurrence Agreement; (2) failed to preserve evidence that allegedly would have established its gross negligence in failing to implement the Concurrence Agreement; (3) made numerous mistakes in the handling of Telesis' accounts including billing for amounts not owed and attempting to enforce two minimum usage requirements; (4) failed to provide stability in the handling of the Telesis account by routinely changing account managers assigned to service the Telesis Account; (5) mishandled Telesis' traffic to the United Kingdom; and (6) improperly discontinued Telesis' service to the United Kingdom.[1]  See Telesis' Opposition to Defendant's Motion to Preclude, docket item no. 243 at pp. 2-12).  Global Crossing contends that because plaintiff's allegations do not establish that Global Crossing acted with gross negligence, Telesis has failed to demonstrate that the limitation of liability clause is invalid, and that it may present evidence of consequential damages.

---

[1] In its objections to Magistrate Judge Payson's Report and Recommendation, Telesis raises several additional examples of Global Crossing's alleged gross negligence.  To the extent that these examples develop claims raised in Telesis' original Opposition to defendant's motion, the court will consider those examples. To the extent that Telesis' Objections raise new factual issues, those issues will not be considered by the Court. See Rankin v. City of Niagra Falls, 2012 WL 3886327, *10 (W.D.N.Y., Sept. 6, 2012)(Arcara, J.)(in considering Objections to a Report and Recommendation, courts generally refuse to consider arguments or evidence that could have been, but were not, presented to the Magistrate Judge).

As Judge Payson correctly noted in her Report and Recommendation, typically the issue of whether or not a party acted with gross negligence is a question of fact that should be reserved for the trier of fact. See March 22, 201 Report and Recommendation at p. 21. See also, Charter Oak Fire Ins. Co. v. Trio Realty Co., 2002 WL 123506, at *5 (S.D.N.Y., Jan 31, 2002) ("issue of gross negligence is ordinarily a question of fact for a jury to determine"); MBIA Ins. Corp. v. Cooperatieve Centrale Raiffeisen-Boerenleenbank B.A., 2011 WL 1197634, *15 (S.D.N.Y., March 25, 2011)("As a general matter, determinations as to bad faith, recklessness, and intent are factual inquiries that are more appropriately resolved by the fact-finder.")

However, where the record is devoid of evidence of gross negligence on the part of an allegedly-breaching party, courts have not hesitated to find as a matter of law that a limitation of liability clause is not voided based on the alleged gross negligence.[2] See Five Star Development Resort Communities, LLC v. iStar RC Paradise Valley, LLC, 2012 WL 4119561, at *5 (S.D.N.Y., 2012, September 18, 2012)(finding that allegations of intentional breach did not, as a matter of law, warrant judicial nullification

---

[2] Courts in New York have repeatedly expressed their hesitance to invalidate a valid limitation of liability clause because "parties, especially those of equal bargaining power, should be able to rely upon the general New York rule that enforces contracts for the release of claims of liability." See e.g., Industrial Risk Insurers v. Port Authority of New York and New Jersey, 387 F.Supp.2d 299, 307. (S.D.N.Y., 2005).

of limitation of liability clause). In her Report and Recommendation, Judge Payson cited both State and federal cases in which courts, applying New York law, found as a matter of law that allegations of gross negligence failed to raise a question of fact that would allow the issue to go to the jury. As the cases cited by Judge Payson note, the standard for establishing gross negligence in the context of attempting to void an otherwise valid limitation of liability clause is much higher than it is in other contexts. See Colnaghi, U.S.A., Ltd. v. Jewelers Protection Services, Ltd., 81 N.Y.2d 821, 823-824 (N.Y., 1993)(noting that while the defendant's conduct was "perhaps suggestive of negligence or even 'gross negligence' as used elsewhere" the conduct did not "evince the recklessness necessary to abrogate" the parties limitation of liability clause); Alitalia Linee Aeree Italiane, S.p.A. v. Airline Tariff Pub. Co., 580 F.Supp.2d 285, 294 (S.D.N.Y., 2008)("in a contract between sophisticated parties . . . New York applies a more exacting standard of gross negligence than it would in other contexts.")

Under New York's heightened standard for establishing gross negligence in the context of invalidating a limitation of liability clause, a party seeking to nullify such a clause must plead and establish that the breaching party acted with "reckless disregard" in its contractual dealings. Net2Globe Int'l Inc. v. Time Warner Telecom of New York, 273 F.Supp.2d 436, 451 (S.D.N.Y.2003). Only

"'conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing.' " will constitute gross negligence for purposes of invalidating a limitation of liability clause. AT & T. v. City of N.Y., et al., 83 F.3d 549, 556 (2d Cir., 1996) (quoting Colnaghi, 81 N.Y.2d at 823-24)). Indeed, even where a party willfully breaches a contract because it is economically advantageous to do so, courts in New York will not find "gross negligence" absent malicious intent on the part of the breaching party. Metropolitan Life Ins. Co. v. Noble Lowndes Intern., Inc., 84 N.Y.2d 430, 435 (1994); Five Star Development, 2012 WL 4119561 at fn. 4 ("The Court of Appeals' decision in Metropolitan Life makes it clear . . .that intentional conduct that capitalizes on economically advantageous contract provisions to the detriment of the counterparty is not, of itself, the sort of misconduct to which the public policy exception [invalidating a limitation of liability clause] applies."). For conduct to be grossly negligent, there must be a showing that the conduct was "fraudulent, malicious or prompted by the sinister intention of one acting in bad faith." Net2Globe Int'l Inc. v. Time Warner Telecom of New York, 273 F.Supp.2d 436 at 450.

As discussed by Judge Payson in her Report and Recommendation, the claims made by Telesis fail to suggest that Global Crossing acted with such recklessness, fraud, or malicious intent that it could said to have acted with gross negligence. Considering

plaintiff's claims in their most favorable light, Telesis' allegation that Global Crossing badly mishandled its account, (including claims of improper billing, overcharges, and failure to resolve billing disputes); lost email correspondence; continually changed account representatives and contact persons, and failed to properly implement that Concurrence Agreement does not evince gross negligence.  Even considering Telesis' dismissed claims that Global Crossing improperly terminated Telesis' access to the United Kingdom, such claims fail to allege conduct that constitutes gross negligence.  In short, Telesis' claims, whether considered individually or in aggregation, fail to suggest conduct that rises to the level of gross negligence.

Telesis claims that Judge Payson failed to consider or discuss all of the evidence of record suggesting that Global Crossing's actions were grossly negligent, and contends that the evidence produced, at a minium, warrants submission of the issue of gross negligence to the trier of fact.  Telesis further argues that a finding that Global Crossing was not grossly negligent should be reserved to a determination made following a summary judgment motion, and that it is inappropriate to make such a finding in the context of a motion to preclude.

I find however, that Judge Payson thoroughly reviewed all relevant evidence in the record, and properly determined that the evidence fails to sufficiently allege or establish gross

negligence, and fails to establish that there is a material issue of fact whether or not Global Crossing engaged in gross negligence. I further find nothing improper with regard to making such a finding in the context of a motion to preclude. Telesis had sufficient notice of the issue presented to the court, and a full and fair opportunity to oppose defendant's motion on any grounds it wished to raise. The issue of whether or not Global Crossing acted with gross negligence, or whether there was sufficient evidence to submit the question to a trier of fact was necessary to the determination of the motion to preclude, and therefore, it was a proper subject of consideration for the court. I therefore deny Telesis' Objections to Judge Payson's Report and Recommendation.

Having reviewed the record before Judge Payson, along with Telesis' Objections to Judge Payson's Report and Recommendation and Global Crossing's Response, I find that Telesis has failed to sufficiently allege or show that Global Crossing committed gross negligence in connection with its contractual relationship with Telesis. I therefore adopt Judge Payson's Report and Recommendation in its entirety, and grant defendant's motion to preclude evidence of consequential damages.

CONCLUSION

For the reasons set forth above, I affirm and adopt Judge Payson's March 22, 2012 Report and Recommendation in its entirety, and grant defendant's motion to preclude expert testimony or other evidence on the issue of consequential damages for defendant's alleged breach of contract.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 28, 2012