UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STAR DIRECT TELECOM, INC. and,
UNITED STATES TELESIS, INC.,

                          Plaintiffs,                    05-CV-6734T
                                                         **DECISION**
                 v.                                      **and ORDER**

GLOBAL CROSSING BANDWIDTH, INC.,

                          Defendant.
_____

                          <u>INTRODUCTION</u>

     Plaintiff United States Telesis, Inc., ("Telesis"), brings
this action against defendant Global Crossing Bandwidth, Inc.,
("Global Crossing") claiming that the defendant engaged in unjust
and unreasonable conduct pursuant to Section 201 of the
Communications Act (codified at 47 U.S.C. § 201), and committed
breach of contract and fraud by silence against Telesis and its
customers.  Global Crossing brings counterclaims against Telesis
claiming that Telesis, <u>inter alia</u>, failed to pay for services it
received from Global Crossing.

     The Complaint in this action, which was originally brought by
plaintiffs Star Direct Telecom, Inc., ("Star Direct"), and Telesis
in 2005, included 21 Causes of Action.  On September 18, 2009,
Star Direct filed for Chapter 7 bankruptcy protection, and by
letter dated February 24, 2010, counsel for Star Direct indicated
that it would no longer be participating in this case (Docket item
no.  179).  Indeed all claims raised by Star Direct against Global

Crossing were dismissed pursuant to my December 31, 2010 Decision and Order. Moreover, 17 of the 21 original claims asserted in the Complaint have been dismissed. By Decision and Order dated January 18, 2007, 14 claims were dismissed, and by Decision and Order dated December 31, 2010, three additional counts of the Complaint were dismissed.

Telesis' remaining causes of action allege violation of Section 201 of the Telecommunications Act (as set forth in Count 2 of the Complaint); breach of contract (as set forth in Counts 5 and 6 of the Complaint)[1]; and fraud by silence (as set forth in Count 13 of the Complaint). Telesis now moves for Summary Judgment on Counts Two, Five and Six of the Complaint on grounds that Global Crossing has admitted, and this court has found, that Global Crossing has breached the Carrier Services Agreement and the Concurrence Agreement, and therefore, Global Crossing is liable for breach of contract. Telesis contends that because it has established that Global Crossing breached the contracts, and that Telesis has suffered damages as a result of Global Crossing's breach, it is entitled to summary judgment in its favor. Telesis also seeks summary judgment dismissing Global Crossings'

---

[1] Portions of plaintiff's breach of contract claims, particularly those related to telecommunications services to the United Kingdom, were dismissed in my December 31, 2010 Decision and Order.

counterclaims for breach of contract, unjust enrichment, action on account stated, and enforcement of a security interest.

Global Crossing opposes plaintiff's motion on grounds that there has been no judicial finding of a breach of contract; Global Crossing has not admitted any material breach of contract; Telesis has failed to establish that it was damaged by any alleged breach of contract; and finally, that there are numerous material questions of fact in dispute as to whether it breached the contracts, and whether any alleged breach constituted a material breach.

For the reasons set forth below, I find that questions of fact exist as to whether Global Crossing committed a material breach of contract which preclude granting plaintiff's motion for summary judgment.  I further find that plaintiff is entitled to summary judgment with respect to Count II of defendant's counterclaim.

<u>BACKGROUND</u>

Telesis and Global Crossing are companies engaged in the business of providing telecommunication services to other companies and consumers.  The companies are "common carriers" as that term is defined in the Communications Act ("the Act"), and as such, are subject to many of the Act's rules and regulations.

On December 1, 2000, Star Direct entered into a Carrier Services Agreement with Global Crossing pursuant to which Global Crossing agreed to provide certain telecommunications services to

Star Direct under agreed-upon terms and rates. (hereinafter the "Star Direct Agreement"). Almost two years later, On October 18, 2002, Telesis and Global Crossing entered into a Carrier Services Agreement (hereinafter the "Telesis Agreement"), pursuant to which Global Crossing provided, for a fee, certain telecommunications services to Telesis. The Star Direct and Telesis Agreements are virtually identical with respect to the services to be provided by Global Crossing. Each agreement included "minimum monthly usage" provisions, pursuant to which Telesis and Star Direct agreed to use a minimum amount of Global Crossing's services, or pay a monetary penalty for failing to meet the minimum usage requirements. Although the Carrier Services Agreements were largely identical, Star Direct received preferential pricing under the terms of its agreement.

Telesis sought to obtain the preferential rates that Star Direct was receiving from Global Crossing, and in April, 2004, it acquired Star Direct. On April 27, 2004, after Telesis had acquired Star Direct, Global Crossing entered into a Concurrence Agreement with Star Direct and Telesis pursuant to which the parties purportedly agreed to transfer the terms of Star Direct's Agreement (particularly the favorable rates) to Telesis, and Telesis agreed to become responsible for payment of the account. At the time the Concurrence Agreement was entered into, Global Crossing also entered into an agreement with Star Direct in which

the parties agreed to terminate Star Direct's Carrier Services Agreement.

According to Telesis, the purpose of the Concurrence Agreement and the Star Direct Termination Agreement was to combine Star Direct and Telesis' accounts into one account with one monthly minimum usage requirement (equivalent to Telesis' previous monthly minimum requirement), and to apply Star Direct's favorable rates to the new, combined account.  Global Crossing contends that upon the signing of the Concurrence Agreement, the monthly minimum usage provisions of Star Direct and Telesis were combined into one larger monthly minimum usage requirement.

Telesis claims that after the parties entered into the Concurrence Agreement, Global Crossing failed to implement the Agreement, and instead, continued to bill both Telesis and Star Direct (despite having terminated the Star Direct Agreement) and continued to enforce monthly minimum usage requirements for both Star Direct and Telesis, all in breach of the Concurrence Agreement, the Star Direct Termination Agreement, and the Telesis Agreement.  Global Crossing contends that it did apply the lower Star Direct rates to the Telesis account, and that because the Concurrence Agreement did not change the monthly minimum usage requirements for Star Direct and Telesis, it was entitled to enforce a combined monthly minimum usage provision.  Telesis further claims that Global Crossing failed to properly bill Telesis for its account, and instead continued to bill Star Direct even after the Star Direct account was supposed to have been canceled.

Telesis also claims that Global Crossing failed to timely respond to billing disputes initiated by Telesis.

DISCUSSION

I.    Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

II.   Contract Claims

Telesis contends that Global Crossing breached the contracts between the parties by: (1) enforcing combined monthly minimum usage requirements when only the Telesis monthly minimum usage requirement should have been enforced; (2) billing amounts that were not due and owing; (3) failing to use reasonable efforts to

resolve billing disputes; and (4) failing to fully implement the Concurrence Agreement.

"[T]o state a claim for breach of contract under New York law, a plaintiff must allege: (I) existence of a contract; (ii) adequate performance of the contract by the plaintiff; (iii) breach of material contract provisions by the defendant; and (iv) damages." Lam v. American Exp. Co., 265 F.Supp.2d 225, 236 (S.D.N.Y., 2003). In the instant case, there is no dispute that Telesis and Global Crossing were parties to the Carrier Services Agreement and Concurrence Agreement.  The parties disagree, however, as to whether or not Global breached the contracts, whether the alleged breach or breaches were material; whether or not Telesis performed under the contract; and whether Telesis suffered any damages resulting from the alleged breach or breaches.  Having reviewed the record, I find that material questions of fact exist as to whether or not the contracts were breached, whether the alleged breaches were material, whether Telesis performed under the contract, and whether Telesis suffered damages as a result of the alleged breaches.  Accordingly, I deny Telesis' motion for summary judgment with respect to its claims against Global Crossing.

A.   The Minimum Monthly Usage Requirement.

Telesis claims that upon entering into the Concurrence Agreement with Global Crossing, Global Crossing was to impose only one monthly minimum requirement (the Telesis monthly minimum

requirement) on the combined Star Direct-Telesis account.  Telesis claims that Global Crossing breached this provision by instead imposing a combined monthly minimum requirement on the Telesis account that was comprised of Star Direct and Telesis monthly minimum usage requirements.

I find, however, that a question of fact exists as to whether or not Global Crossing was authorized under the Concurrence Agreement to impose a combined monthly minimum usage requirement on Telesis.  Indeed, I made this finding in my December 31 2010 Decision and Order, in which I held that:

> there is a question of fact as to whether or not the Concurrence Agreement, either alone or when considered in conjunction with the contemporaneous Star Direct Termination Agreement, either reduced Star Direct and Telesis' combined monthly minimum usage requirement, or had no effect on the monthly minimum usage requirement.

December 31, 2010 Decision and Order at p.  14.  Nothing in the current record warrants reconsidering or altering this finding.  I therefore decline to find as a matter of law that Global Crossing breached the Concurrence Agreement by attempting to impose a combined monthly minimum usage charge.

B.   Billing for Amounts that were not Due or Owing.

Telesis alleges that Global Crossing breached the CSA and Concurrence Agreement by charging Telesis for amounts that were not due or owed by Telesis.  In support of this argument, Telesis claims that Global Crossing imposed two monthly minimum charges on

Telesis, despite having agreed to impose only one monthly minimum usage requirement. <u>See</u> Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment at pp. 21-22 (Docket item no. 267). As stated above however, I find that there is a question of fact as to whether or not Global Crossing was authorized to impose two monthly minimum charges. Moreover, as I explicitly held in my December 31, 2010 Decision and Order granting in-part and denying in-part Global Crossing's motion for summary judgment, **"there are questions of fact as to whether the amounts billed by Global Crossing were proper under the terms of the Telesis and Concurrence Agreements . . . ."** December 31, 2010 Decision and Order at p. 20. Having already determined that a question of fact exists as to whether or not Global Crossing charged amounts that were not due or owing, and Telesis having failed to provide any uncontroverted evidence to support a finding as a matter of law that Global Crossing improperly charged Telesis, I deny plaintiff's motion for summary judgment.

Moreover, I find that a question of fact exists as to whether or not Telesis failed to pay its invoices. Global Crossing has provided evidence that Telesis failed to pay for telecommunications services provided by Global Crossing. Telesis admits that it did not pay certain amounts billed, but claims that those amounts were improperly billed, and that it did not in fact owe the amounts charged. Because there is a question of fact as to the amounts, if

any, owed by Telesis, there is a question of fact as to whether or not Telesis failed to pay amounts actually owed to Global Crossing.

C. **Failing to use reasonable efforts to resolve billing disputes**.

Section 4 of the Carrier Services Agreement between Telesis and Global Crossing provides in relevant part that in the event of a billing dispute raised by Telesis, "Global Crossing will use **reasonable efforts** to resolve and communicate its resolution of any dispute filed in accordance with the requirements of this [s]ection . . . within 30 Business Days of its receipt of the dispute notice." See Carrier Services Agreement at ¶ 4, attached as Exhibit 2 to the April 20, 2012 Affidavit of Alex Weingarten, at p. 27. (emphasis added). Telesis alleges that because Global Crossing failed to use reasonable efforts to resolve billing disputes that Telesis raised, and failed to communicate the resolution of results within 30 days of receiving a notice of dispute from Telesis, Global Crossing breached the CSA. See Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment at pp. 22 (Docket item no. 267). In support of its position, Telesis contends that Global Crossing delayed resolution of disputes by six to nine months, and failed to adequately address the disputes or properly resolve the disputes. Telesis alleges that the billing disputes stemmed from Global Crossing's allegedly improper attempt to impose a combined monthly minimum charge to Telesis, and Global Crossing's failure to combine the Star Direct

and Telesis accounts and bill only Telesis, as the Concurrence Agreement required. Global Crossing contends that it used reasonable efforts to resolve Telesis' billing complaints.

Whether or not a party to a contract has used its "best" or "reasonable" efforts as required under the terms of a contract is generally a question of fact. "'Best efforts' requires that [the party obligated to use such efforts] pursue all reasonable methods ..., and whether such obligation has been fulfilled will almost invariably, ... involve a question of fact." <u>Kroboth v. Brent</u>, 625 N.Y.S.2d 748, 749-50 (N.Y.App.Div.1995) ; <u>Robin Bay Associates, LLC v. Merrill Lynch & Co.</u>, 2008 WL 2275902 (S.D.N.Y., June 03, 2008); <u>U.S. Airways Group, Inc. v. British Airways PLC</u>, 989 F.Supp. 482, 491 (S.D.N.Y.1997).

I find that questions of fact exist as to whether or not Global Crossing used its best efforts to resolve Telesis' billing disputes. Although Telesis claims that Global Crossing failed to resolve disputes within 30 business days of receiving the disputes, the CSA does not require that billing disputes be resolved in 30 business days, only that Global Crossing use reasonable efforts to resolve disputes in that time frame. Accordingly, evidence that Global Crossing failed to resolve a dispute within 30 business days is not probative of whether or not it used reasonable efforts to resolve the dispute in that time frame. Moreover, Telesis has failed to provide evidence from which the court could determine as

a matter of law that Global Crossing failed to use reasonable efforts to resolve billing disputes. While Telesis suggests that the evidence supports such a finding, a reasonable trier of fact could conclude that Global Crossing did use reasonable efforts to resolve billings disputes. Accordingly, Telesis' motion for Summary Judgment with respect to this claim is denied.

     D.   <u>Failing to Implement the Concurrence Agreement</u>.

Telesis alleges that Global Crossing failed to implement the Concurrence Agreement between the parties, and by doing so, breached the Concurrence Agreement. Telesis alleges that Global Crossing breached the Concurrence Agreement by failing to combine the monthly minimum usage requirements, failing to combine the accounts, and failing to properly bill the account to Telesis. Telesis further contends that Global Crossing, in its response to Telesis' requests for admissions, admitted breaching the Concurrence Agreement, and therefore, because Global Crossing has admitted on the record to breaching the Concurrence Agreement, summary judgment must be entered in plaintiff's favor.

With respect to Telesis' claims that Global Crossing breached the Concurrence Agreement by imposing a combined monthly minimum or improperly billing Telesis, I have found that questions of fact exist as to those issues, and therefore I deny plaintiff's motion for summary judgment. As for Telesis' claim that Global Crossing has admitted that it breached the Concurrence Agreement, I find

that alleged admission fails to warrant a grant of summary judgment in Telesis' favor.

In its First Set of Requests for Admission, Telesis asked Global Crossing to "Please Admit that Global failed to Transfer Star Direct's account to US Telesis as described in the Concurrence Agreement." See Telesis' First Set of Requests for Admission  at ¶ 11, attached as Exhibit 34 to the April 20, 2012 Affidavit of Alex Weingarten, at p.  227.  In response to the request, Global Crossing stated that "Global Crossing admits that it never effectuated the reassignment of Star Direct's account to Telesis." Id.  I find, however, that this admission does not constitute an admission that Global Crossing committed a material breach of the Concurrence Agreement.  Although Global Crossing admitted that it did not effectuate the reassignment of Star Direct's account to Telesis, Global Crossing has presented evidence that it did properly lower the rates paid by Telesis to the lower Star Direct rates, thereby providing Telesis with the benefit it sought by entering into the Concurrence Agreement.  Although Telesis claims that the failure to effectuate the reassignment of the Star Direct account created additional problems, such as Global Crossing improperly sending bills to Star Direct instead of Telesis, and that the improper billing "impacted" Telesis' ability to invoice its customers, there is a question of fact as to whether the breach causing the alleged harms is a material breach of contract.  Global

Crossing has presented evidence that despite the fact that it improperly sent bills to Star Direct, Telesis was aware of the bills, and acknowledged that they were for amounts owed by Telesis. Thus, there is a question of fact as to whether or not the failure to properly route invoices to Telesis constituted a material breach of contract.   Moreover, Global Crossing contends that because Telesis never paid the amounts it was billed, Telesis is unable to state a claim for breach of contract because it breached its obligation to pay its bills.   This contention too, raises a question of fact that can not be resolved on a motion for summary judgment.

    III. <u>Telecommunications Act Claim</u>

    Telesis alleges that Global Crossing's actions in breaching the CSA and Concurrence Agreement constitute a violation of Section 201(b) of the Communications Act, which prohibits, <u>inter</u> <u>alia</u>, a telecommunications provider subject to the provision from engaging in unjust or unreasonable practices with respect to the provision of telecommunications services.   47 U.S.C. § 201(b) (providing that "[a]ll charges, practices, classifications, and regulations for and in connection with [] communication service [provided pursuant to this section] shall be just and reasonable ....").   "To demonstrate liability under § 201 of the FCA, a plaintiff must prove that the defendant employed a "charge, practice, classification, or regulation that is unjust or unreasonable." <u>Demmick v. Cellco</u>

Partnership, 2010 WL 3636216, *18 (D.N.J., September 08, 2010)(citing 47 U.S.C. § 201(b)). As I stated in my December 31, 2010 Decision and Order denying defendant's motion for summary judgment with respect to this claim, "a question of fact exists as to whether or not [Global Crossing's alleged] actions constitute unjust or unreasonable practices under the Communications Act." December 31, 2010 Decision and Order at p. 16. Because material questions of fact remain with respect to this claim, I deny plaintiff's motion for summary judgment.

    IV.  <u>Global Crossing's Counterclaims</u>

    Telesis moves for summary judgment with respect to Counts One through Four of Global Crossing's Counterclaims against it on grounds that it has established that Global Crossing breached the CSA and Concurrence Agreement. Count I of Global Crossing's Counterclaim alleges that Telesis breached the CSA and Concurrence Agreement. Count II alleges claims based on theories of Quantum Meruit, Unjust Enrichment, and Constructive Trust. Count III seeks damages for an Account Stated, and Count IV seeks enforcement of a security interest. Because I find that there are questions of fact as to whether or not either party breached the CSA or Concurrence Agreement, I deny plaintiff's motion for summary judgment with respect to Counts I, III, and IV of Global Crossing's Counterclaim. I grant, however, Telesis' motion to dismiss Count II of Global Crossing's Counterclaim. Under New York law, quasi-contractual

claims such as unjust enrichment and constructive trust are barred if a written contract between the parties governs the subject matter of their dispute. See <u>Briggs v. Goodyear Tire & Rubber Co.</u>, 79 F.Supp.2d 228, 236 (W.D.N.Y.1999); <u>Cox v. NAP Constr. Co.</u>, 10 N.Y.3d 592, 607,(2008) ("a party may not recover in quantum meruit or unjust enrichment where the parties have entered into a contract that governs the subject matter.")  In the instant matter, the CSA and Concurrence Agreement govern the subject matter of the dispute, and therefore, Global Crossing's claims for unjust enrichment, quantum meruit, and constructive trust are barred.

CONCLUSION

For the reasons set forth above, I deny plaintiff's motion for summary judgment with respect to its claims against Global Crossing.  I deny plaintiff's motion for summary judgment with respect to Counts I, III, and IV of Global Crossing's Counterclaim. I grant plaintiff's motion to dismiss Count II of Global Crossing's Counterclaim.  Defendant's motion to file a sur-reply brief is denied.


ALL OF THE ABOVE IS SO ORDERED.


S/ Michael A. Telesca
_____
   MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          October 15, 2012